IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| RONALD A. ADAMS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 10-0732-SSA-CV-W-MJW |
| | ) | |
| MICHAEL J. ASTRUE, Commissioner, | ) | |
| Social Security Administration, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Plaintiff Ronald A. Adams seeks judicial review[1] of a final administrative decision denying him disability benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401 *et seq.*, and Supplemental Security Income (SSI) benefits under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381 *et seq*. Section 205(g) of the Act, 42 U.S.C. § 405(g), provides for judicial review of a final decision of the Commissioner of the Security Administration under Title II. Section 1631(a)(3) of the Act and 42 U.S.C. § 1383(c)(3) provide for judicial review to the same extent as the Commissioner's final determination under section 205. The parties' briefs are fully submitted, and an oral argument was held on September 21, 2011.

Plaintiff filed his application for disability insurance benefits on November 1, 2005, alleging he became disabled on October 31, 2005. After the application was administratively denied, plaintiff requested a de novo administrative hearing. An administrative hearing was held before the Administrative Law Judge (ALJ) on May 6, 2008. On June 24, 2008, the ALJ rendered a decision finding that plaintiff was not under a "disability" as defined by the Social Security Act. The Appeals Council denied plaintiff's request for review. Thus, the decision of the ALJ stands as the final decision of the Commissioner. The facts and arguments of the parties are presented in the briefs and will not be repeated.

---

[1]With the consent of the parties, this case was assigned to the United States Magistrate Judge, pursuant to the provisions of 28 U.S.C. § 636©.

**Standard of Review**

The Eighth Circuit has set forth the standard for the federal courts' judicial review of denial of benefits, as follows:

> Our role on review is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. Substantial evidence is less than a preponderance, but is enough that a reasonable mind would find it adequate to support the Commissioner's conclusion. In determining whether existing evidence is substantial, we consider evidence that detracts from the Commissioner's decision as well as evidence that supports it. As long as substantial evidence in the record supports the Commissioner's decision, we may not reverse it because substantial evidence exists in the record that would have supported a contrary outcome or because we would have decided the case differently.

Baker v. Barnhart, 457 F.3d 882, 892 (8th Cir. 2006).

The claimant has the initial burden of establishing the existence of a disability as defined by 42 U.S.C. § 423(d)(1). See Roth v. Shalala, 45 F.3d 279, 282 (8th Cir. 1995). To meet the statutory definition, "the claimant must show (1) that he has a medically determinable physical or mental impairment which will either last for at least twelve months or result in death, (2) that he is unable to engage in any substantial gainful activity, and (3) that this inability is the result of his impairment." McMillian v. Schweiker, 697 F.2d 215, 220 (8th Cir. 1983).

When reviewing the record to determine if there is substantial evidence to support the administrative decision, the court considers the educational background, work history and present age of the claimant; subjective complaints of pain or other impairments; claimant's description of physical activities and capabilities; the medical opinions given by treating and examining physicians; the corroboration by third parties of claimant's impairments; and the testimony of vocational experts when based upon proper hypothetical questions that fairly set forth the claimant's impairments. McMillian, 697 F.2d at 221.

**Discussion**

Plaintiff (hereinafter "Adams") was born on April 2, 1948. Adams has not engaged in substantial gainful activity since October 31, 2005. The ALJ found that Adams had the severe impairments of PTSD and a history of seizures. Adams' other impairments, noninsulin-dependent diabetes mellitus, lumbar spondylosis, history of alcohol abuse, hypertension, and a

history of cellulitis were determined nonsevere. The ALJ determined that Adams' severe and nonsevere physical and mental impairments, whether singularly or in combination, would not prevent him from performing all types of gainful employment on a sustained, full-time basis. The ALJ found that Adams' subjective allegations of disability were not credible or consistent with the totality of the evidence. The ALJ determined Adams' RFC to limit him to medium work, but with restriction from working (1) at unprotected heights or around dangerous machinery or other hazards; (2) in contact with the general public; (3) with close or frequent supervision; and (4) in an environment where he would have more than occasional contact with co-workers. This RFC was determined by the vocational expert to allow Adams to return to his past relevant work as a machinist or shipping and receiving clerk. The vocational expert additionally testified that Adams' vocational skill from his past relevant work would readily transfer to other light, semi skilled and skilled jobs, such as an inventory clerk and general office clerk.

Adams argues that the ALJ erred (1) in evaluating his credibility; (2) in discounting the opinion of his treating physician, Dr. Smith; and (3) in giving improper weight to the opinion of Dr. Israel, the consulting psychologist.

The Commissioner argues the ALJ properly discussed the evidence which supports discounting the opinion of Adams' treating physician, Dr. Smith, and the evidence supporting the ALJ's evaluation of Adams' credibility.

Although a treating physician's opinion is generally entitled to substantial weight, it does not automatically control in the face of other credible evidence on the record that detracts from that opinion. Heino v. Astrue, 578 F.3d 873, 880 (8th Cir. 2009). An ALJ is entitled to discount the opinion of a treating physician when that opinion is conclusory or inconsistent with the evidence of record. Samons v. Astrue, 497 F.3d 813, 819 (8th Cir. 2007). Here, the ALJ properly discussed the reasons for discounting Dr. Smith's determination that Adams is unable to work. The ALJ properly noted that Dr. Smith's statements were inconsistent with the objective medical evidence in the record, Dr. Smith's own treatment notes, and Adams' level of activities of daily living. See Shontos v. Barnhart, 328 F.3d 418, 426 (8th Cir. 2003) (discussing factors in considering amount of weight given to a medical opinion). The ALJ properly credited the

medical evaluation of Dr. Israel over that of Dr. Smith because Dr. Israel's assessment was supported by better evidence within the record as a whole. Heino, 578 F.3d 879. There is substantial evidence in the record to support the ALJ's discounting the opinion of Dr. Smith and, alternatively, giving weight to that of Dr. Israel.

The ALJ did not err in assessing Adams' credibility. The ALJ's credibility findings were based on valid reasons. The ALJ properly considered the inconsistencies between Adams' subjective allegations and the objective medical evidence. The ALJ also noted that Adams' reported daily activities were inconsistent with his claim of total disability. See id. ("Acts which are inconsistent with a claimant's assertion of disability reflect negatively upon that claimant's credibility."). The ALJ properly concluded that while Adams had medically determinable impairments reasonably expected to produce the alleged symptoms, his complaints of the severity of these impairments were not entirely credible. The record contains substantial evidence to support the ALJ's decision discounting Adams' complaints of total disability. The ALJ's credibility determination should be affirmed. Eichelberger v. Barnhart, 390 F.3d 584, 590 (8th Cir. 2004) (credibility determination to be affirmed where ALJ articulated inconsistencies supported in the record that undermined claimant's subjective complaints). See also Baldwin v. Barnhart, 349 F.3d 549, 558 (8th Cir. 2003) (credibility questions concerning claimant's subjective complaints are primarily for the ALJ to decide, and not the reviewing court).

This court finds the ALJ's conclusions that Adams is not disabled within the meaning of the Social Security Act is supported by substantial evidence in the record as a whole, and therefore, should be affirmed. Baldwin v. Barnhart, 349 F.3d at 555 (even if inconsistent conclusions may be drawn from the evidence, the decision will be affirmed where the evidence as a whole supports either outcome). It is, therefore,

ORDERED that the decision of the Commissioner is affirmed and this case is dismissed.

Dated this 27th day of September, 2011, at Jefferson City, Missouri.

/s/ *Matt J. Whitworth*

MATT J. WHITWORTH
United States Magistrate Judge